(118 App. Div. 848)

### DES MOINEAUX v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, First Department. April 5, 1907.)

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT.

Where plaintiff in a personal injury suit was a married woman 32 years of age, and her injuries were slight, evidence that after the accident she developed a condition of hysteria, which was serious and continued down to the time of trial, and would probably continue for some time to come, no mention being made of this condition to the physician who examined her six months after the accident, and that such hysteria might have resulted from an operation which she had before the accident, was insufficient to authorize a verdict in excess of $1,135.45.

Patterson, P. J., dissenting.

Appeal from Trial Term, New York County.

Action for personal injuries by Mary Des Moineaux against the New York City Railway Company. From a judgment for plaintiff, entered on a verdict, and from an order denying a motion for a new trial, defendant appeals. Reversed on condition.

Argued before PATTERSON, P. J., and McLAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

Bayard H. Ames, for appellant.

Grant C. Fox, for respondent.

SCOTT, J.  In this action for injuries received in consequence of a collision between two of defendant's cars, the appellant admits its liability for whatever injuries resulted from the collision, questioning only the amount of the recovery. Plaintiff was a married woman of about 32 years of age. Her strictly physical injuries were slight, but shortly after the accident she developed a condition of hysteria, which was serious and continued down to the date of the trial, and, as was testified to, would probably continue for some time thereafter. The question principally litigated was whether or not this condition resulted from the accident, or from an operation to which plaintiff had submitted a few weeks prior to the accident. On October 3, 1903, plaintiff was operated on at the Flower Hospital in the city of New York, and important organs of her body were removed. On October 30th she was discharged from the hospital, and on November 9th met with the accident for which she sues.

A curious and perhaps significant fact is that when defendant's physician examined the plaintiff, on June 4, 1904, about seven months after the accident, in presence of her husband and the physician who had operated on her, nothing whatever was said about the operation which plaintiff had undergone, and many of the symptoms testified to and dwelt upon at the trial were not referred to. This circumstance suggests either that the plaintiff desired to mislead the defendant as to the extent of her injuries, or that she had not at that time determined to assert her present claim that the accident alone was responsible for her condition of hysteria. The result of the medical testimony, as we read it, was that it was at least as probable that plaintiff's hysterical condition resulted from the operation as that it resulted from the accident, and we do not consider that she sustained the burden of proving by a fair preponderance of evidence that her serious condition was the result of the accident, and not of the operation. If her hysteria did in fact result from the accident, the verdict was none too large. If it did not, her other injuries would be liberally compensated by a much smaller verdict.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event, unless the plaintiff shall stipulate to reduce the judgment to $1,135.45, in which case the judgment, as modified, should be affirmed, without costs to either party. All concur, except PATTERSON, P. J., who dissents.